UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. RAMIREZ,<br><br>  Plaintiff,<br><br>v.<br><br>ELENA D'AUGUSTINO, et al.,<br><br>  Defendants. | No. 2:20-cv-0624 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a California prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On December 9, 2020, the court granted plaintiff leave to file a fifth amended complaint. The fifth amended complaint was filed January 7, 2021.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

  In this court's March 26, 2020 order, plaintiff was informed that, pursuant to the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 487 (1994) plaintiff cannot proceed on a claim for damages if the claim implies the invalidity of his conviction or sentence. Claim 1 is

1

Heck-barred as plaintiff challenges searches which appear to have produced evidence used to convict plaintiff.  In any case, plaintiff does not indicate who conducted these searches and does not otherwise identify an appropriate defendant for claim 1.

In claim 2, plaintiff asserts an unidentified police officer lied during his testimony at plaintiff's trial.   Plaintiff cannot proceed in claim 2 for the same reasons he cannot proceed on claim 1.

Claim 3 is essentially a Sixth Amendment ineffective of trial counsel claim.  This claim is also Heck-barred.

Claim 4 is vague, but, again, concerns his trial.  Nothing suggests any portion of this claim is not Heck-barred or somehow states a claim upon which plaintiff might proceed.

In claim 5, plaintiff alleges he was given the wrong forms for initiating a federal lawsuit. Plaintiff's allegations do not amount to a violation of federal law.

Finally, in claim 6, plaintiff again takes issue with the actions of his trial counsel during criminal proceedings.  Either the allegations do not amount to a discernable claim or imply the invalidity of his conviction in violation of Heck.

In light of the foregoing, plaintiff's fifth amended complaint must be dismissed for failure to state a claim upon which relief can be granted.  Considering the advice provided to plaintiff in this court's March 26, 2020 order upon the dismissal of plaintiff's original complaint, which, again, included an explanation of the Heck bar, providing plaintiff another opportunity to amend appears futile.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's fifth amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after

being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rami0624.frs